IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GINA R. BELLINGER, on behalf of herself and as trustee for the JOHN A. BELLINGER 2018 FAMILY TRUST and the GINA R. BELLINGER 2010 TRUST, and JOHN W. BELLINGER, as trustee for the LAUREN V. BELLINGER 2018 FAMILY TRUST and the JOHN W. BELLINGER 2010 TRUST,<br><br>   Plaintiffs,<br><br>  v.<br><br>LABORATORIES TOPCO LLC, WARBURG PINCUS (CALLISTO) PRIVATE EQUITY XII (CAYMAN), L.P., WARBURG PINCUS (EUROPA) PRIVATE EQUITY XII (CAYMAN), L.P., WARBURG PINCUS (GANYMEDE) PRIVATE EQUITY XII (CAYMAN), L.P., WARBURG PINCUS PRIVATE EQUITY XII-B (CAYMAN), L.P., WARBURG PINCUS PRIVATE EQUITY XII-D (CAYMAN), L.P., WARBURG PINCUS PRIVATE EQUITY XII-E (CAYMAN), L.P., WP XII PARTNERS (CAYMAN), L.P., WARBURG PINCUS XII PARTNERS (CAYMAN), L.P., and TILIA FUND I AIV, L.P.,<br><br>   Defendants. | Civil Action No. 23-695-RGA |

## **MEMORANDUM ORDER**

Before me is Plaintiffs' motion for partial reconsideration and to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and D. Del. LR 7.1.5. (D.I. 45). The motion has been fully briefed. (D.I. 46, 52, 53).

1

On March 28, 2024, I issued a Memorandum Opinion and Order dismissing all Counts of the Complaint without prejudice. (D.I. 42, 43). Plaintiffs thereafter filed the present motion, arguing that my Memorandum Opinion and Order did not address their request for leave to amend. (D.I. 46 at 1). Plaintiffs contend they should have been given express permission to amend the Complaint. (*Id.*). Plaintiffs contend that without such permission, "the Court's dismissal 'without prejudice' was potentially transformed into a dismissal 'with prejudice'" because the dismissal did not toll the statute of limitations on Plaintiffs' federal securities claim. (*Id.* at 2).

Laboratories Topco and various Warburg entities (collectively the "Warburg Defendants") filed an opposition to Plaintiffs' motion. (D.I. 53). Defendant Tilia Fund I AIV ("Tilia") filed an opposition, too. (D.I. 52). The Warburg Defendants argue that I have not committed clear error, and that Plaintiffs' proposed amended complaint is futile. (D.I. 53 at 1–2).

I dismissed the Complaint without prejudice because I thought that Plaintiffs might be able to file a viable amended complaint.[1] Plaintiffs had not amended before and the defects in the Complaint that I thought made it insufficient were of the sort that might be able to be corrected. Plaintiffs' motion (D.I. 45) is therefore GRANTED. Plaintiffs have already filed their First Amended Complaint as an exhibit. (D.I. 48). Plaintiffs are DIRECTED to separately

---

[1] Of course, to the extent I decided not to exercise supplemental jurisdiction, I had to dismiss the state law claims without prejudice. (D.I. 42 at 6).

file the exhibit as their First Amended Complaint.

      IT IS SO ORDERED.

                              Entered this 6th day of September, 2024


                              /s/ Richard G. Andrews
                              United States District Judge