**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GINA R. BELLINGER, on behalf of herself and as trustee for the JOHN A. BELLINGER 2018 FAMILY TRUST and the GINA R. BELLINGER 2010 TRUST, and JOHN W. BELLINGER, as trustee for the LAUREN V. BELLINGER 2018 FAMILY TRUST and the JOHN W. BELLINGER 2010 TRUST,

Plaintiffs,

v.

LABORATORIES TOPCO LLC, WARBURG PINCUS (CALLISTO) PRIVATE EQUITY XII (CAYMAN), L.P., WARBURG PINCUS (EUROPA) PRIVATE EQUITY XII (CAYMAN), L.P., WARBURG PINCUS (GANYMEDE) PRIVATE EQUITY XII (CAYMAN), L.P., WARBURG PINCUS PRIVATE EQUITY XII-B (CAYMAN), L.P., WARBURG PINCUS PRIVATE EQUITY XIID (CAYMAN), L.P., WARBURG PINCUS PRIVATE EQUITY XII-E (CAYMAN), L.P., WP XII PARTNERS (CAYMAN), L.P., WARBURG PINCUS XII PARTNERS (CAYMAN), L.P., and TILIA FUND I AIV, L.P.,

Defendants.

C.A. No. 23-cv-00695-RGA

**PUBLIC VERSION FILED:**
November 17, 2025

**WARBURG PINCUS DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Laboratories Topco LLC, Warburg Pincus (Callisto) Private Equity XII (Cayman), L.P., Warburg Pincus (Europa) Private Equity XII (Cayman), L.P., Warburg Pincus (Ganymede) Private Equity XII (Cayman), L.P., Warburg Pincus Private Equity XII-B (Cayman), L.P., Warburg Pincus Private Equity XII-D (Cayman), L.P., Warburg Pincus Private Equity XII-E (Cayman), L.P., WP XII Partners (Cayman), L.P., Warburg Pincus XII Partners (Cayman), L.P. (collectively, the "Warburg Pincus Defendants") submit the following answer to the First Amended Complaint filed by Plaintiffs Gina R. Bellinger, on behalf of herself and as trustee for

the John A. Bellinger 2018 Family Trust and the Gina R. Bellinger 2010 Trust, and John W. Bellinger, as trustee for the Lauren V. Bellinger 2018 Family Trust and the John W. Bellinger 2010 Trust ("Plaintiffs").[1] The Warburg Pincus Defendants deny each and every allegation in the First Amended Complaint, except for those expressly and specifically admitted below.

## NATURE OF ACTION[2]

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, the Warburg Pincus Defendants admit that Plaintiffs rolled over $100 million—part of the consideration they received from Certified Group's purchase of FSNS—into Certified Group and respectfully refer the Court to the website with the quoted statement and deny any allegation or characterization inconsistent therewith. The Warburg Pincus Defendants otherwise deny the allegations in paragraph 1.

2. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the basis on which Plaintiffs rolled over $100 million into Certified Group. The Warburg Pincus Defendants otherwise deny the allegations in paragraph 2. Footnote 1 in paragraph 2 sets forth a definition to which no response is required. To the extent a response is required, the Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in footnote 1, except they admit that the Bellingers

[1] Capitalized terms not otherwise defined herein have the same meaning as in the First Amended Complaint.

[2] The Warburg Pincus Defendants repeat headings used by Plaintiffs in their First Amended Complaint for purposes of organization only. By including Plaintiffs' headings, the Warburg Pincus Defendants do not adopt the headings as their own or otherwise admit any fact contained therein. To the extent a response is required for any of Plaintiffs' headings in the First Amended Complaint, the Warburg Pincus Defendants deny each and every allegation set forth in any such headings.

sold 100% of the membership interest of FSNS Holdings, LLC to Laboratories Bidco, LLC, a subsidiary of Laboratories Topco, LLC.

3. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in the first and second sentences of paragraph 3. The Warburg Pincus Defendants deny the allegations in the third sentence of paragraph 3.

4. The Warburg Pincus Defendants deny the allegations in paragraph 4, except they admit that in May 2021, Warburg, Tilia, and Plaintiffs negotiated a deal where Plaintiffs would sell FSNS to Certified Group and then invest a portion of the proceeds of that sale into Certified Group.

5. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations made with respect to Tilia. The Warburg Pincus Defendants otherwise deny the allegations in paragraph 5.

6. The Warburg Pincus Defendants deny the allegations in paragraph 6.

7. The Warburg Pincus Defendants deny the allegations in paragraph 7.

8. The Warburg Pincus Defendants deny the allegations in paragraph 8.

## PARTIES

9. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 9.

10. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 10.

11. The Warburg Pincus Defendants admit the allegations in paragraph 11.

12. The Warburg Pincus Defendants admit the allegations in paragraph 12.

13. The Warburg Pincus Defendants admit the allegations in paragraph 13.

14. The Warburg Pincus Defendants admit the allegations in paragraph 14.

15. The Warburg Pincus Defendants admit the allegations in paragraph 15.

16. The Warburg Pincus Defendants admit the allegations in paragraph 16.

17. The Warburg Pincus Defendants admit the allegations in paragraph 17.

18. The Warburg Pincus Defendants admit the allegations in paragraph 18.

19. The Warburg Pincus Defendants admit the allegations in paragraph 19.

20. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 20.

## JURISDICTION AND VENUE

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 21.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 22.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 23, except they admit that Certified Group is organized under the laws of the State of Delaware. The Warburg Pincus Defendants respectfully refer the Court to the cited Subscription Agreement for its complete contents and deny any allegation or characterization inconsistent therewith.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 24.

## FACTS

### I. Background

25. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in the first sentence of paragraph 25. The Warburg Pincus Defendants deny the remainder of the allegations in paragraph 25.

26. The Warburg Pincus Defendants deny the allegations in the first, second, and third sentences of paragraph 26, except they admit that the FDA has issued regulations applicable to companies that manufacture or sell consumable goods and that the FDA has promulgated regulations concerning certain consumer goods. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in the fourth and last sentences of paragraph 26.

27. Paragraph 27 constitutes a general statement of opinion to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 27.

28. Paragraph 28 constitutes a general statement of opinion to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 28.

## II. Warburg and Tilia Mislead Plaintiffs to Invest in Certified Group

### A. Warburg and Tilia Target FSNS

29. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 29.

30. The Warburg Pincus Defendants admit that Warburg is a global private equity firm with over $85 billion in assets under management and that Stephanie Geveda was a Managing Director and Head of the Business Services Group at Warburg Pincus, and respectfully refer the Court to the cited email for its complete contents and deny any allegation or characterization inconsistent therewith. The Warburg Pincus Defendants otherwise deny the allegations in paragraph 30.

31. The Warburg Pincus Defendants deny the allegations in the first and second sentences in paragraph 31, except they admit that Geveda met the Bellingers in person at an

International Association of Food Protection convention in or around July 2018. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in the third and fourth sentences of paragraph 31, except they admit that as of July 2018, Warburg was invested in Hygiena LLC.

32. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations with respect to Tilia and Burlin. The Warburg Pincus Defendants otherwise deny the allegations in paragraph 32, except they admit that as of July 2018, Warburg partnered with Tilia to acquire a few analytical laboratories in the food, beverage, and dietary supplement industries.

33. The Warburg Pincus Defendants deny the allegations in paragraph 33, except they admit that between 2018 and December 2020, Warburg and Tilia acquired, either directly or indirectly, EAS Consulting, Labstat International ULC, ABC Testing, and Micro Quality Laboratories.

34. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 34, except they admit that Warburg and Tilia acquired Labstat International ULC in or about May 2018. The remaining allegations in paragraph 34 purport to quote from a May 17, 2018 press release, to which the Warburg Pincus Defendants respectfully refer the Court to the cited press release for its complete contents and deny any allegation or characterization inconsistent therewith.

35. The Warburg Pincus Defendants deny the allegations in paragraph 35, except they admit that Warburg and Tilia invested in laboratories that were majority-owned by Steven Mitchell at some point after Warburg's and Tilia's acquisition of Labstat, and that Certified Group has laboratories based in New York, Southern California, Northern California, and Illinois.

36. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 36, except they admit that in or about the fall of 2019, Warburg and Tilia formed Certified Group. The Warburg Pincus Defendants admit the allegations in the second sentence of paragraph 36. The Warburg Pincus Defendants deny the allegations in the third sentence of paragraph 36, except they admit that Mitchell became the Chief Executive Officer of Certified Group.

37. The Warburg Pincus Defendants deny the allegations in paragraph 37, except they admit that Certified acquired EAS Consulting, ABC, Microconsult Inc., and MQL.

**B. Defendants Make Material Misrepresentations and Omit Material Facts to Induce Plaintiffs to Invest in Certified Group**

38. Paragraph 38 makes allegations as to Burlin. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations with respect to Burlin. The Warburg Pincus Defendants otherwise deny the allegations in paragraph 38.

39. The Warburg Pincus Defendants deny the allegations in paragraph 39, except they admit that Certified Group acquired ABC in or about April 2020.

40. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 40. The remainder of the allegations in paragraph 40 purport to quote from, characterize, or summarize [redacted], to which the Warburg Pincus Defendants respectfully refer the Court to [redacted] for its complete contents and deny any allegation or characterization inconsistent therewith.

41. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 41, except they admit that [redacted]. The second, third, and fourth sentences of paragraph 41 purport to quote from, characterize, or summarize [redacted], to which the Warburg Pincus

Defendants respectfully refer the Court to [redacted] for its complete contents and deny any allegation or characterization inconsistent therewith. The Warburg Pincus Defendants deny the allegations in the last sentence of paragraph 41.

42. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 42, except they admit that [redacted]. The Warburg Pincus Defendants deny the remainder of the allegations in paragraph 42, except they admit that [redacted].

43. The Warburg Pincus Defendants deny the allegations in paragraph 43.

44. The Warburg Pincus Defendants deny the allegations in paragraph 44, except they admit that in 2020, Geveda and the Bellingers discussed a potential acquisition of FSNS.

45. The Warburg Pincus Defendants deny the allegations in paragraph 45 except they admit that at some point in 2020, Geveda and the Bellingers discussed a potential acquisition of FSNS by Certified Group and that the Bellingers declined to sell FSNS in December of 2020.

46. The Warburg Pincus Defendants admit the allegations in the first sentence of paragraph 46, except they lack knowledge or information sufficient to form a belief as to the veracity of the allegations with respect to Burlin. The Warburg Pincus Defendants deny the allegations in the second sentence of paragraph 46.

47. The Warburg Pincus Defendants deny the allegations in paragraph 47, except they admit that in or about May 2021, Geveda, Burlin, and Michael Pan, Warburg Managing Director, attended a dinner with Mr. Bellinger in San Antonio, Texas. The first and second sentences of footnote 2 state legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in the first and second sentences of

footnote 2. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in the last sentence of footnote 2.

48. The Warburg Pincus Defendants admit the allegations in the first sentence of paragraph 48. The Warburg Pincus Defendants admit that Geveda served on the board at Certified Group from 2018 to 2022 and lack knowledge or information sufficient to form a belief as to the veracity of the allegations with regard to Tilia in the second sentence of paragraph 48; the Warburg Pincus Defendants otherwise deny the allegations in the second sentence of paragraph 48. The Warburg Pincus Defendants deny the allegations in the third, fourth, and fifth sentences of paragraph 48.

49. The Warburg Pincus Defendants deny the allegations in paragraph 49.

50. The Warburg Pincus Defendants deny the allegations in paragraph 50.

51. The first, second, third, and fifth sentences of paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in the first, second, third, and fifth sentences of paragraph 51. The Warburg Pincus Defendants deny the allegations in the fourth sentence of paragraph 51.

52. The Warburg Pincus Defendants deny the allegations in the first, third, and fourth sentences of paragraph 52. The second sentence of paragraph 52 purports to quote from and characterize a [redacted], to which the Warburg Pincus Defendants respectfully refer the Court to the cited [redacted] for its complete contents and deny any allegation or characterization inconsistent therewith.

53. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in the first sentence of paragraph 53. The second sentence of paragraph 53 states legal conclusions to which no response is required. To the extent

a response is required, the Warburg Pincus Defendants deny the allegations in the second sentence of paragraph 53. The Warburg Pincus Defendants deny the allegations in the third sentence of paragraph 53, except they lack knowledge of information sufficient to form a belief as to the veracity of the allegations about Plaintiffs' decision.

54. The Warburg Pincus Defendants deny the allegations in paragraph 54.

55. The Warburg Pincus Defendants deny the allegations in paragraph 55, except they admit that in June 2021, Mr. Bellinger emailed Geveda and Pan and requested certain information and respectfully refer the Court to the email for its complete contents and deny any allegation or characterization inconsistent therewith.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 56.

57. The Warburg Pincus Defendants deny the allegations in paragraph 57.

## III. Plaintiffs Invest in Certified Group in Reliance on Defendants' Representations

58. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 58. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations with respect to the Bellingers and Tilia in the first sentence of paragraph 58. The Warburg Pincus Defendants deny the allegations in the second sentence of paragraph 58.

59. The Warburg Pincus Defendants admit that on June 28, 2021, Mrs. Bellinger, the John A. Bellinger 2018 Family Trust, the John W. Bellinger 2010 Trust, the Gina R. Bellinger 2010 Trust, and the Lauren V. Bellinger 2018 Family Trust entered into a subscription agreement and respectfully refer the Court to the cited Subscription Agreement for its complete contents and deny any allegation or characterization inconsistent therewith. Footnote 3 purports to characterize the purchase agreement, to which the Warburg Pincus Defendants respectfully refer the Court to

the cited purchase agreement for its complete contents and deny any allegation or characterization inconsistent therewith.

60. Paragraph 60 purports to quote from and characterize the Subscription Agreement, to which the Warburg Pincus Defendants respectfully refer the Court to the cited Subscription Agreement for its complete contents and deny any allegation or characterization inconsistent therewith.

61. Paragraph 61 purports to quote from and characterize the Subscription Agreement, to which the Warburg Pincus Defendants respectfully refer the Court to the cited Subscription Agreement for its complete contents and deny any allegation or characterization inconsistent therewith.

62. Paragraph 62 purports to quote from and characterize the Subscription Agreement, to which the Warburg Pincus Defendants respectfully refer the Court to the cited Subscription Agreement for its complete contents and deny any allegation or characterization inconsistent therewith.

63. Paragraph 63 purports to quote from and characterize the Subscription Agreement, to which the Warburg Pincus Defendants respectfully refer the Court to the cited Subscription Agreement for its complete contents and deny any allegation or characterization inconsistent therewith.

64. Paragraph 64 purports to quote from and characterize the Subscription Agreement, to which the Warburg Pincus Defendants respectfully refer the Court to the cited Subscription Agreement for its complete contents and deny any allegation or characterization inconsistent therewith.

65. Paragraph 65 purports to quote from and characterize the Subscription Agreement, to which the Warburg Pincus Defendants respectfully refer the Court to the cited Subscription Agreement for its complete contents and deny any allegation or characterization inconsistent therewith.

## IV. The Bellingers' Discovery of the Breach

66. The Warburg Pincus Defendants admit the allegations in the first sentence of paragraph 66. The Warburg Pincus Defendants deny the allegations in the second sentence of paragraph 66, except they admit that Plaintiffs rolled over $100,000,000 into Certified Group.

67. The first sentence of paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 67. The Warburg Pincus Defendants admit the allegations in the second sentence of paragraph 67. The Warburg Pincus Defendants deny the allegations in the third sentence of paragraph 67, except they admit that Mr. Bellinger acted as CEO for Certified Group from approximately July 23, 2021 to August 2022. The fourth, fifth, and sixth sentences of paragraph 67 purport to quote from and characterize the 2019 LLC Agreement of Certified Group, to which the Warburg Pincus Defendants respectfully refer the Court to the cited LLC Agreement for its complete contents and deny any allegation or characterization inconsistent therewith. The Warburg Pincus Defendants deny the allegations in the seventh sentence of paragraph 67 except they admit that during Mr. Bellinger's employment as CEO of Certified Group, Geveda served on the Board of Certified Group. The Warburg Pincus Defendants deny the allegations in the eighth sentence of paragraph 67. With respect to footnote 4, the Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to Mr. Bellinger's observation. The Warburg Pincus Defendants deny the allegations in the ninth sentence of paragraph 67, except they admit that Mr. Bellinger's tenure as CEO of Certified Group ended in August 2022.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 68.

69. The Warburg Pincus Defendants deny the allegations in paragraph 69, except they admit that Jim Neary is a Managing Director and Co-Head of U.S. Private Equity of Warburg Pincus.

70. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 70. The second and third sentences of paragraph 70 state legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in the second and third sentences of paragraph 70.

71. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in the first sentence of paragraph 71. The Warburg Pincus Defendants deny the remainder of the allegations in paragraph 71.

72. The Warburg Pincus Defendants deny the allegations in paragraph 72.

73. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 73. The second and third sentences of paragraph 73 state legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in the second and third sentences of paragraph 73.

74. The Warburg Pincus Defendants deny the allegations in paragraph 74.

75. The Warburg Pincus Defendants deny the allegations in paragraph 75.

76. The Warburg Pincus Defendants deny the allegations in paragraph 76.

77. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 77. The second and third sentences of paragraph 77 state legal conclusions to which no

response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in the second and third sentences of paragraph 77.

78. The Warburg Pincus Defendants deny the allegations in the first sentence of paragraph 78, except they admit that in the fall of 2022, Mr. Bellinger approached Neary at Warburg and Chip Kaye, Warburg's CEO for a discussion. The Warburg Pincus Defendants deny the allegations in the second and third sentences of paragraph 78, except they admit that Neary was appointed as Warburg's appointed member of the Certified Board, filling the seat vacated by Geveda.

## V. Plaintiffs Were Damaged by Defendants' Misconduct

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 79. The Warburg Pincus Defendants further deny on the basis that Plaintiffs do not plead a breach of contract claim.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 80.

## COUNT I

**Fraud**
**In violation of Section 10(b) of the Securities Exchange Act, codified at 15 U.S.C. § 78j, and Rule 10b-5, codified at 17 CFR 240.10b-5**
**(As Against All Defendants)**

81. The Warburg Pincus Defendants refer to and restate the responses set forth above as if fully set forth herein.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 83.

84. The Warburg Pincus Defendants deny the allegations in paragraph 84 and lack knowledge or information sufficient to form a belief as to the veracity of the allegations with respect to Burlin in the third sentence of paragraph 84.

85. The Warburg Pincus Defendants deny the allegations in paragraph 85.

86. The Warburg Pincus Defendants deny the allegations in paragraph 86.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 87, except they admit that Plaintiffs rolled over $100 million into Certified Group.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 88.

**COUNT II**

**Fraud**
**In violation of Tex. Gov't Code Ann. § 4008.052 *et seq.***
**(As Against All Defendants)**

89. The Warburg Pincus Defendants refer to and restate the responses set forth above as if fully set forth herein.

90. Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 90.

91. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 91.

92. The Warburg Pincus Defendants deny the allegations in paragraph 92.

93. The Warburg Pincus Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 93.

94. The Warburg Pincus Defendants deny the allegations in paragraph 94.

95. The Warburg Pincus Defendants deny the allegations in paragraph 95.

96. Paragraph 96 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 96, except they admit that Plaintiffs rolled over $100 million into Certified Group.

97. Paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, the Warburg Pincus Defendants deny the allegations in paragraph 97.

## PRAYER FOR RELIEF

To the extent that a response may be required to the Prayer for Relief at the end of Plaintiffs' First Amended Complaint, Warburg Pincus Defendants deny each and every allegation and deny that Plaintiffs are entitled to any of the relief that they seek.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiffs' First Amended Complaint is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Lack of Particularity)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to plead with particularity the circumstances constituting the alleged fraud and/or misrepresentations or omissions for purposes of their claims of fraud.

**Third Affirmative Defense**
**(Lack of Jurisdiction)**

The Court lacks jurisdiction to hear Plaintiffs' claims because their purchase of Class A Units in Certified Group does not constitute a "security" within the meaning of Section 3(a)(10) of the Securities Exchange Act of 1934 or Section 2(a)(1) of the Securities Act of 1933.

**Fourth Affirmative Defense**
**(Reliance on Professional Opinion)**

Plaintiffs' claims are barred, in whole or in part, because the Warburg Pincus Defendants acted in good faith and in reliance upon the work, opinions, information, representations, and advice of others upon whom they were entitled to rely, including the work, conclusions and opinions of professionals and experts.

**Fifth Affirmative Defense**
**(Bespeaks Caution)**

Plaintiffs' claims are barred, in whole or in part, because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements were contained or were made in the context of sufficient cautionary language or risk disclosure to be non-actionable under the "bespeaks caution" doctrine.

**Sixth Affirmative Defense**
**(*Janus Capital Group Inc. v. First Derivative Traders*)**

The Warburg Pincus Defendants are not liable for statements they did not make under *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011).

**Seventh Affirmative Defense**
**(Plaintiffs' Knowledge)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew some or all of the purported material facts and information relating to the claims, statements, and/or omissions

alleged in the First Amended Complaint at the time Plaintiffs purchased Class A Units in Certified Group and thus assumed the risk of their alleged injuries.

**Eighth Affirmative Defense**
**(Assumption of Risk)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs in the exercise of reasonable care should have known some or all of the purported material facts and information relating to the claims and thus assumed the risk of their alleged injuries.

**Ninth Affirmative Defense**
**(Release, Waiver, and Estoppel)**

Plaintiffs' claims are barred, in whole or in part, under the doctrines of release, waiver, and estoppel including because they knew of and had access to the information they allege was necessary to make the investment, which they acknowledge in the Subscription Agreement.

**Tenth Affirmative Defense**
**(Ratification, Acquiescence, and Affirmation)**

Plaintiffs' claims are barred, in whole or in part, under the doctrines of ratification, acquiescence, and affirmation including because they knew of and had access to the information they allege was necessary to make the investment, which they acknowledge in the Subscription Agreement, and because Mr. Bellinger served as Certified Group's CEO for over a year before commencing the present action.

**Eleventh Affirmative Defense**
**(No Reliance)**

Plaintiffs' claims are barred because they expressly disclaimed reliance on any representations not contained in the Subscription Agreement governing the transaction, and any alleged reliance on extra-contractual statements was unreasonable as a matter of law.

**Twelfth Affirmative Defense**
**(Laches)**

Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

**Thirteenth Affirmative Defense**
**(Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands including because Plaintiffs knew of and had access to the information they allege was necessary to make the investment, which they acknowledge in the Subscription Agreement, and through Mr. Bellinger's tenure as Certified Group's CEO, contributed to any alleged underperformance of Certified Group.

**Fourteenth Affirmative Defense**
**(Superseding/Intervening Causes)**

Plaintiffs' claims are barred, in whole or in part, because all losses and damages alleged in the First Amended Complaint are the result of superseding or intervening causes other that conduct of the Warburg Pincus Defendants.

**Fifteenth Affirmative Defense**
**(No Causation)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged losses were not actually or proximately caused by the Warburg Pincus Defendants.

**Sixteenth Affirmative Defense**
**(No Damages)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not suffer any losses, and thus cannot recover any damages.

**Seventeenth Affirmative Defense**
**(Failure to Mitigate)**

Plaintiffs' claims are barred, in whole or in part, by their failure or refusal to mitigate or avoid any alleged injuries and damages that they claim.

**Eighteenth Affirmative Defense**
**(Speculative Damages)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages are speculative, remote, and incapable of reasonable ascertainment.

**Nineteenth Affirmative Defense**
**(Unjust Enrichment)**

Plaintiffs' claims are barred, in whole or in part, because a remedy thereon would constitute unjust enrichment for Plaintiffs.

**Twentieth Affirmative Defense**
**(No Equitable Relief)**

To the extent that Plaintiffs seek equitable relief, such relief is barred because there is an adequate remedy at law.

**Twenty-First Affirmative Defense**
**(Duplicative Recovery)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek duplicative or overlapping recoveries under both federal securities laws and Texas law.

**DEFENSES RESERVED**

The foregoing defenses are raised by the Warburg Pincus Defendants without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise. Warburg Pincus Defendants hereby reserve the right to amend or supplement this answer to assert any other related defenses as they become available.

ROSS ARONSTAM & MORITZ LLP

/s/ S. Reiko Rogozen
David E. Ross (#5228)
Bradley R. Aronstam (#5129)
S. Reiko Rogozen (#6695)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
dross@ramllp.com
baronstam@ramllp.com
rrogozen@ramllp.com

*Attorneys for Defendants Laboratories Topco LLC, Warburg Pincus (Callisto) Private Equity XII (Cayman), L.P., Warburg Pincus (Europa) Private Equity XII (Cayman), L.P., Warburg Pincus (Ganymede) Private Equity XII (Cayman), L.P., Warburg Pincus Private Equity XII-B (Cayman), L.P., Warburg Pincus Private Equity XII-D (Cayman), L.P., Warburg Pincus Private Equity XII-E (Cayman), L.P., WP XII Partners (Cayman), L.P., and Warburg Pincus XII Partners (Cayman), L.P.*

*Of Counsel:*

Faith E. Gay
David S. Flugman
Laura M. King
Xinchen Li
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, New York 10104
(212) 390-9000
fgay@selendygay.com
dflugman@selendygay.com
lking@selendygay.com
xli@selendygay.com

November 10, 2025

**PUBLIC VERSION FILED:**
November 17, 2025